

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wallace Hughston, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-5216
Re: Necessity of filing
insurance policies
with Railroad Commission
under Section 11 of Art.
911a and Section 13 of
Art. 911b, Vernon's
Annotated Civil Statutes.

This is in response to your letter of June 30, 1943, requesting the opinion of this department as to whether or not the Railroad Commission may waive the filing of insurance policies required of motor buses and motor carriers.

Section 11 of the Act regulating motor buses (Art. 911a, V. A. C. S.) provides:

"The Commission shall, in the granting of any certificate to any motor bus company for regularly transporting persons as passengers for compensation or hire, require the owner or operator to first procure liability and property damage insurance from a company licensed to make and issue such insurance policy in the State of Texas covering each and every motor propelled vehicle while actually being operated by such applicant. The amount of such policy or policies of insurance shall be fixed by the Commission by general order or otherwise, and the terms and conditions of said policy or policies covering said motor vehicle are to be such as to indemnify the applicant against loss by reason of any personal injury to any person or loss or damage to the property of any person other than the assured and his employees. Such policy or policies shall fur-

Hon. Wallace Hughston, page 2

thermore provide that the insurer will pay all
judgments which may be recovered against the in-
sured motor bus company based on claims for loss
or damage from personal injury or loss of or in-
jury to property occurring during the term of the
said policy or policies and arising out of the
actual operation of such motor bus or busses, and
such policy or policies shall also provide for suc-
cessive recoveries to the complete exhaustion of
the face amount thereof, and that such judgment
will be paid by the insurer irrespective of the
solvency or insolvency of the insured. Such liabil-
ity and property damage insurance as required by
the Commission shall be continuously maintained
in force on each and every motor propelled vehicle
while being operated in common carrier service. In
addition to the insurance hereinabove set forth,
the owner or operator shall also protect his em-
ployees by taking out workmen's compensation in-
surance either as provided by the Workmen's Com-
pensation Laws of the State of Texas or in a re-
liable insurance company approved by the Railroad
Commission of the State of Texas. The taking out
of such indemnity policy or policies shall be a
condition precedent to any operation and such
policy or policies as required under this Act,
shall be approved and filed with the Commission
and failure to file and keep such policy or poli-
cies in force and effect as provided herein shall
be cause for the revocation of the certificate
and shall subject the motor bus company so fail-
ing to the penalties prescribed herein."

Likewise, Section 13 of Article 911b, V.A.C.S. pro-
vides that motor carriers shall also make bonds or obtain poli-
cies of insurance covering personal injuries and damage to prop-
erty. That section reads:

"Before any permit or certificate of public con-
venience and necessity may be issued to any motor
carrier and before any motor carrier may lawfully
operate under such permit or certificate as the
case may be, such motor carrier shall file with
the Commission bonds and/or insurance policies is-
sued by some insurance company including mutuals and

Hon. Wallace Hughston, page 3

reciprocals or bonding company authorized by law
to transact business in Texas in an amount to be
fixed by the Commission under such rules and re-
gulations as it may prescribe, which bonds and
insurance policies shall provide that the obligor
therein will pay to the extent of the face amount
of such insurance policies and bonds all judgments
which may be recovered against the motor carrier
so filing said insurance policies and bonds, based
on claims for loss or damages from personal injury
or loss of, or injury to property occurring during
the term of said bonds and policies and arising out
of the actual operation of such motor carrier, and
such bonds and policies shall also provide for suc-
cessive recoveries t o the complete exhaustion of
the face amount thereof and that such judgments
will be paid by the obligor in said bonds and in-
surance policies irrespective of the solvency or
insolvency of the motor carrier, provided, however,
such bonds and policies shall not cover personal
injuries sustained by the servants, agents or em-
ployees of such motor carrier.  Provided further
that in the event the insured shall abandon his
permit or certificate and leave the State, a claim-
ant, asserting a claim within the provisions of
said bonds or policies, may file suit against the
sureties executing such bond or the company issu-
ing such policies in a court of competent jurisdic-
tion without the necessity of making the insured a
party to said suit.  Provided, however, that the
Commission shall not require insurance covering
loss of or damage to cargo in amount excessive
for the class of service to be rendered by any
motor carrier.  Each such motor carrier shall, on
or before the date of the expiration of the term
of any policy or bond so filed by him, file a re-
newal thereof, or new bonds or policies containing
the same terms and obligations of the preceding bonds
and policies, and shall each year thereafter on or be-
fore the expiration date of the existing bonds and
policies, file such renewal policies and bonds so as
to provide continuous and unbroken protection to the
public having legal claims against such motor carrier,
and in the event such renewal bonds and policies are
not so filed, the Commission, after notice to the
motor carrier, and hearing, may, within its discre-
tion if it shall find and determine that the ends of
justice will be better subserved thereby, cancel such
permit or certificate for failure to furnish and pro-
vide such bonds or insurance as herein required.  * * **

Each section requires the insurance policies or bonds to be filed with the Commission. Each section also provided for the revocation or cancellation of the permit or certificate of convenience and necessity for failure to file policies or bonds with the Commission.

You desire to know whether the Commission may in lieu of the filing of the original policy and amendments, accept a certificate from the insurance company that a policy has been issued which contains a summary of its principal features.

In our opinion, the Commission may not accept such a summary or certificate, but should require the filing of the policy itself in order that it may examine and approve it. The whole policy of the law is that the Railroad Commission shall determine whether or not the public is accorded the protection required. Each statute expressly requires the insurance policies or bonds to be filed with the Commission, and makes failure to do so on the part of the motor bus company or motor carrier, grounds for revocation or cancellation of its permit. The Commission is not authorized to waive compliance with the plain language and intent of the statutes.

We see no objection, however, to approval by the Board of Insurance Commissioners of a form of renewal certificate which will be furnished the Railroad Commission by the insurance company stating that the policy on file with the Commission, together with all amendments to it, has been renewed for a term stated in the certificate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 10, 1945

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *James D. Smullen*

James D. Smullen
Assistant

JAS:EP



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN